**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

March 16, 2022

Elizabeth Wilburn Joyce, Esquire
Megan Ix Brison, Esquire
Pinckney, Weidinger, Urban & Joyce, LLC
2 Mill Road, Suite 204
Wilmington, DE 19806

"J" Jackson Shrum, Esquire
Jack Shrum, P.A.
919 N. Market Street, Suite 1410
Wilmington, DE 19801

Re:     *Paul Elton, LLC v. Rommel Delaware, LLC, et al.*,
        C.A. No. 2019-0750-KSJM

Dear Counsel:

This letter resolves the plaintiff's motion for clarification (the "Motion").[1]  On December 30, 2021, I issued an order (the "Order") finding the defendants liable on summary judgment for breach of the plaintiff's Proceeds Right arising out of several agreements between the parties.[2]  Although the plaintiff sought damages as primary relief, the Order granted the plaintiff's alternative request for specific performance of the Appraisal Process.[3]  The Order did not address the plaintiff's request for fee shifting, prompting the plaintiff to seek fees through the motion for clarification.

The plaintiff advances two arguments for entitlement to fee shifting.  The plaintiff first argues that the defendants waived their right to dispute fee shifting by failing to

---

[1] *See* C.A. No. 2019-0750-KSJM, Docket ("Dkt.") 78 ("Mot.").

[2] *See* Dkt. 77 (Order) ¶¶ 12–13, 15–16, 32.  Defined terms used in this letter have the meaning ascribed to them in the Order.

[3] *See id.* ¶ 24.

address the issue in their answering brief in opposition to summary judgment.[4] The plaintiff next argues that it is entitled to fee shifting under a contractual provision of the Lease Agreement.

The defendants did not waive their ability to dispute fee shifting. The plaintiff requested fees as part of its damages and the defendants argued generally against a damages award both in briefing and at oral argument.[5] While it may have been prudent for the defendants to address the fee issue more specifically, their general argument on damages is sufficient to have preserved the response to the plaintiff's fee-shifting arguments.

Turning to the plaintiff's second argument, this court follows the American Rule when considering whether to award attorneys' fees. "Under the American Rule, litigants are expected to bear their own costs of litigation absent some special circumstances that warrant a shifting of attorneys' fees, which, in equity, may be awarded at the discretion of the court."[6] One of the exceptions to the American Rule, however, is that parties may agree to shift fees contractually.[7]

One method of doing so is through the use of indemnification provisions, but such provisions "are presumed *not* to require reimbursement for attorneys' fees incurred as a result of substantive litigation between the parties to the agreement absent a clear and

---

[4] *See* Mot. ¶ 4.

[5] *See* Dkt. 71, Defs.' Answering Br. at 20–25; Dkt. 76, Oral Arg. Tr. 50:7–52:20.

[6] *Beck v. Atl. Coast PLC*, 868 A.2d 840, 850 (Del. Ch. 2005).

[7] *See Sternberg v. Nanticoke Mem'l Hosp., Inc.*, 62 A.3d 1212, 1218 (Del. 2013).

unequivocal articulation of that intent."[8]  This presumption prevents broadly written indemnification provisions, which may be intended only to hold the indemnitee harmless from claims brought by third parties to the contract, from "swallow[ing] the American Rule."[9]  Thus, "purely contractual indemnification provisions only shift first-party claims if the contract explicitly so provides."[10]

The plaintiff relies on an indemnification provision in Section 16(a) of the Lease Agreement provides, which provides in relevant part:

> Tenant hereby releases and covenants that it will indemnify, defend and hold harmless Landlord, its officers, directors, employees and agents, and any lessor or mortgagee of the Property, from and against any and all claims, suits, proceedings, actions, causes of action, responsibility, liabilities, payments, demands and expenses (*including reasonable attorney's fees*) in connection with or arising from: . . . (iii) any default, breach, violation or nonperformance of any provision of this Lease by Tenant; . . . and/or (ix) the exercise of any rights by Landlord under this Lease.[11]

The plaintiff points to subsections (iii) and (ix) of this provision as bases for fee-shifting, contending that the Order held that the Tenant violated the Lease Agreement and that the plaintiff was exercising its right as a Landlord under the Lease by pursuing this litigation.[12]

---

[8] *TranSched Sys. Ltd. v. Versyss Transit Sols., LLC*, 2012 WL 1415466, at *2 (Del. Super. Ct. Mar. 29, 2012) (emphasis in original).

[9] *Senior Hous. Cap., LLC v. SHP Senior Hous. Fund, LLC*, 2013 WL 1955012, at *44 (Del. Ch. May 13, 2013).

[10] *Great Hill Equity P'rs IV, LP v. SIG Growth Equity Fund I, LLLP*, 2020 WL 7861336, at *5 (Del. Ch. Dec. 31, 2020).

[11] Dkt. 49, Brison Aff. Ex. 6 (Lease Agreement ¶ 16(a) (emphasis added).

[12] *See* Mot. ¶¶ 3, 7.

The plaintiff's argument fails in light of a separate provision of the Lease Agreement. Specifically, Section 44 of the Lease Agreement provides, in pertinent part, that "[t]he prevailing party in the arbitration shall, in addition to such other relief as may be granted, be entitled to a reasonable sum as and for such party's costs and expenses incurred, including attorneys' fees."[13]

When a contract contains both an indemnification provision and a "prevailing party" provision elsewhere in the contract, the courts of this state will not construe the indemnification provision to allow first-party fee-shifting. For example, in *Deere & Co. v. Exelon Generation Acqs., LLC*, the Superior Court rejected a party's claim for fee-shifting under an indemnification provision that allowed the indemnitee to recover from losses arising out of "any breach or nonperformance of any of the covenants or agreements of [indemnitor] contained in this Agreement."[14] The court noted that the parties had included specific fee-shifting language in two separate sections of the relevant contract that awarded attorneys' fees to the prevailing party.[15]

So too here. Section 16(a)(iii) of the Lease Agreement, the first subsection on which the plaintiff relies, requires the defendants to hold the plaintiff harmless from attorneys' fees and other losses arising out of "any default, breach, violation or nonperformance of

---

[13] Lease Agreement § 44.

[14] 2016 WL 6879525, at *1 (Del. Super. Ct. Nov. 22, 2016).

[15] *See id.* at *2; *see also Great Hill*, 2020 WL 7861336, at *6 (holding that the parties were not entitled to fee-shifting under the relevant contract's indemnification provision because the contract contained a prevailing party provision).

any provision of this Lease by Tenant."[16] This language is almost identical to the language at issue in *Deere & Co.*, and similarly fails to persuade me that it addresses first-party fee-shifting. The plaintiff's argument under Section 16(a)(ix), which addresses losses arising from "the exercise of any rights by Landlord under this Lease," is perhaps more tempting, but fails for the same reason.[17]

Section 44 of the Lease Agreement contains an arbitration clause that specifically awards attorneys' fees to the prevailing party in arbitration between the two, demonstrating that the parties were capable of drafting the sort of clear and unequivocal language required to shift fees when they so intended. Therefore, I hold that Section 16(a) of the Lease Agreement does not provide a basis to award the plaintiff its attorneys' fees. The Motion is denied.

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Kathaleen St. Jude McCormick
Chancellor

cc: All counsel of record (by *File & ServeXpress*)

---

[16] Lease Agreement § 16(a)(iii).

[17] *Id.* § 16(a)(ix).